FILED

MAY 25 4 58 PM '99

EASTERN DIST. CALIF.

BY DEPUTY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THE ESTATE OF RENE NAVARRO, et al.,

Plaintiffs,

v.

FRESNO POLICE OFFICER STEVEN HOPPER, et al.,

Defendants.

No. CV-F-96 5931 REC DLB

ORDER REQUIRING DEFENDANTS TO FILE PRIVILEGE LOG

On April 19, 1999, the Court heard Defendants' Motion in Limine to preclude any reference to or introduction of evidence concerning Defendant Officer Hopper's departure from the Fresno Police Department, as Defendants claim that Hopper's departure is unrelated to this case. Plaintiffs objected to what they termed as "belated notice" of Hopper's departure from the Police Department, and requested that the Court order immediate discovery pertaining to the matter.

At the hearing, Defendants agreed to attempt to accommodate Plaintiffs' request for limited discovery on the issue of Hopper's departure from the police department. Instead,



123

Defendants submitted documents relating to Hopper's departure from the Police Department to this Court for in camera review. Accompanying the documents, Defendants filed a "Brief Regarding Disclosure of Personnel Records on Steve Hopper." In their Brief, Defendants asserted that the documents should be excluded from evidence at trial as irrelevant, unduly prejudicial, and as inadmissible character evidence.

Defendants, however, misunderstand the purpose of the Court's inquiry with respect to the documents submitted in camera. The question at this time is not whether the documents are admissible into evidence at trial, but whether they are discoverable. The standard for discovery of documents is more lenient than the standard of for admissibility of evidence at trial:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.Proc. 26(b)(1).

Here, "the information sought appears reasonably calculated to lead to the discovery of admissible evidence." The Court, however, is concerned that Officer Hopper may have

intended to claim a privilege as to some of the documents submitted for in camera review. Hopper, however, failed to submit a privilege log with the documents.

As such, the Court ORDERS Officer Hopper to submit a log specifically identifying all documents as to which he claims any privilege, as well as the privilege claimed, not later than ten court days from receipt of this Order. Copies of the documents as to which privilege is claimed should be attached to the privilege log.

Dated: May 25, 1999

ROBERT E. COYLE
UNITED STATES DISTRICT JUDGE

jab

United States District Court
for the
Eastern District of California
May 26, 1999

* * CERTIFICATE OF SERVICE * *

1:96-cv-05931

Navarro

v.

Hopper

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on May 26, 1999, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

REC

Kevin Gerard Little
Frampton Williams and Little
2444 Main Street
Suite 110
Fresno, CA 93721

Rosemary T McGuire
Weakley and Ratliff
1630 E Shaw Ave
Suite 176
Fresno, CA 93710

Jack L. Wagner, Clerk

BY: ____________________
Deputy Clerk